UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BS2 MULTIDATA GMBH,

    Plaintiff/Counter-Defendant,

                            Case No. 04-74394

v.

                            HON. DENISE PAGE HOOD

A-DAT CORPORATION,

    Defendant/Counter-Plaintiff.
_____/

## ORDER DENYING
## 1) PLAINTIFF'S MOTION TO COMPEL
## 2) PLAINTIFF'S REQUEST TO AMEND

The Court having reviewed the pleadings and heard oral argument finds as follows. The Motion to Compel brought by BS2 on August 23, 2007 (Docket # 39) is **DENIED** as it relates to the issue of causation addressed in the Court's August 28, 2007 and September 13, 2007 Orders.

Discovery of e-mails between BS2 and General Motors ("GM") regarding the sale of an Integra system to another GM department is allowed. A-Dat shall have the opportunity to conduct limited discovery regarding those e-mails. The admissibility of these e-mails and any related evidence is reserved until trial unless the admission is addressed by the Court in its ruling on mitigation.

The parties shall submit an Amended Final Pre-Trial Order with amendments consistent with the Court's oral rulings on September 6 and 7, 2007. The Amended Final Pre-Trial Order shall include an exhibit list consistent Local Rule 16.2, and shall include as an attachment suggested instructions from the previous trial.

BS2 raised the issue of mitigation of damages for the first time in its Request for Leave to

1

Amend Pleadings to Include Mitigation of Damages filed, September 4, 2007 (Docket#47). Federal Rule of Civil Procedure 8(c) requires affirmative defenses to be plead in a responsive pleading. Fed. R. Civ. P. 8(c). Similarly, the Michigan Court Rules require affirmative defenses to be plead in a responsive pleading, either as originally filed or as amended under MCR 2.118. MCR 2.111(F)(3). BS2 seeks to amend ro raise mitigation of damages as an affirmative defense, arguing that mitigation of damages is not one of the affirmative defenses enumerated by these rules.

In some instances, such as in a breach of contract action, courts permit a party to raise the mitigation of damages defense even though the court does not permit that party to amend, because the duty to mitigate damages is no surprise to the non-moving party. *Fera v. Village Plaza, Inc.*, 52 Mich. App. 532 (1974), *rev'd on other grounds*, *Fera v. Village Plaza, Inc.*, 396 Mich. 639 (1976). But, as A-Dat argues, Michigan courts do not apply the mitigation of damages theory in intentional tort cases. *Kratze v. Independent Order of Odd fellows*, 442 Mich. 136, 141 n.2 (1993); *Allen v. Morris Bldg. Co.*, 360 Mich. 214, 217 (1960).

The Court finds merit in A-Dat's argument. A-Dat's tortious interference claim is an intentional tort. *See Michigan Podiatric Medical Ass'n v. National Foot Care Program, Inc.*, 175 Mich. App. 723 (1989). Accordingly, the Court will not permit BS2 to amend its pleading to include the defense of mitigation of damages. More importantly, BS2 never raised the issue of mitigation of damages during the first trial or during any post trial motions until now. BS2's delay undermines any arguments that A-Dat is not surprised and not prejudiced by BS2's claim. BS2 has brought this claim too late in these proceedings. Accordingly, BS2's Request to Amend to include the affirmative defense of mitigation of damages is **DENIED**.

Trial of this matter is set for Tuesday, October 30, 2007, Wednesday, October 31, 2007 and

Thursday, November 1, 2007.

IT IS HEREBY ORDERED that BS2's Motion to Compel (filed August 23, 2007, Docket # 39) is **DENIED** as it relates to causation. There is no issue of causation remaining in this trial.

IT IS ORDERED that A-Dat be permitted to take limited discovery regarding e-mails between BS2 and General Motors regarding the sale of an Integra system to another GM department.

IT IS ORDERED that the parties submit an Amended Final Pre-Trial Order consistent with the Local Rule 16.2 and this Order.

IT IS FURTHER ORDERED that BS2's Request to Amend (filed September 4, 2007, Docket # 47) is **DENIED**, and no proofs on mitigation of damages will be heard.

IT IS FURTHER ORDERED that the trial of this matter will commence October 30, 2007.

s/ DENISE PAGE HOOD<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED: October 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2007, by electronic and/or ordinary mail.

S/William F. Lewis<br>
Case Manager